IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KERRI THOMAS,<br><br>*Plaintiff*,<br><br>*versus*<br><br>UNITED STATES OF AMERICA,<br><br>*Defendant*. | Civil Action File No.<br><br>_____ |

# **COMPLAINT**

KERRI THOMAS, Plaintiff in the above-styled action, brings this Complaint for Damages pursuant to the Federal Tort Claims Act, against Defendant, UNITED STATES OF AMERICA, and shows the Court the following:

1.

This Court has jurisdiction under the Federal Tort Claims Act, 28 U.S.C. § 2671 - 2680, and the provisions of 28 U.S.C. §1346(b).

2.

Pursuant to the provisions of 28 U.S.C. § 2675, on or about May 2, 2025, Plaintiff provided written notice to the United States government of her claim for money damages.

1

3.

Plaintiff's written notice pursuant to 28 U.S.C. § 2675 was presented to Defendant via the Transportation Security Administration ("TSA") and delivered on May 2, 2025 via Federal Express Overnight delivery (Tracking No. 880920678146).

4.

Defendant, through the Transportation Security Administration, confirmed receipt of Plaintiff's Claim against the United States under the Federal Tort Claims Act (FTCA) and confirmed that Plaintiff's claim was presented on May 2, 2025. (Exhibit 1).

5.

On November 2, 2025, the six (6) month period from May 2, 2025, for Defendant to complete its adjudication expired.

6.

Plaintiff is, and at all times material to this action has been, a resident of Georgia.

7.

Venue is proper in this Court because the incident occurred in this district. 28 U.S.C. § 1402(b).

8.

Service and service of process is proper as to Defendant.

9.

On May 21, 2024, at approximately 5:00 A.M., Plaintiff arrived at the North Security checkpoint at Atlanta Hartsfield-Jackson airport and informed a Transportation Security Administration (TSA) employee or agent that Plaintiff had a spinal cord stimulator implant.

10.

Plaintiff retrieved her medical identification card, held it in her hand, and attempted to show the Transportation Security Administration employee or agent the medical identification card.

11.

The Transportation Security Administration employee or agent ignored Plaintiff's medical identification card.

12.

Plaintiff repeatedly asked one or more Transportation Security Administration employees or agents to be taken to a private room to be patted down rather than be forced to go through the metal detector or advanced imaging technology screening machine.

13.

After the Transportation Security Administration employee or agent ignored Plaintiff's medical identification card and Plaintiff's pleas to be screened via pat-down, the Transportation and Security Administration employee or agent stated, "the only way you are getting on the plane is to go through the machine."

14.

Thereafter, Defendant, through the Transportation Security Administration and its employees or agents, instructed Plaintiff to walk towards the x-ray and advanced imaging technology machine.

15.

When Plaintiff arrived near the advanced imaging technology machine, Plaintiff alerted another Transportation Security Administration employee or agent of her medical condition. In response, the Transportation Security Administration employee or agent negligently told Plaintiff that the machine had been "adjusted" and/or "recalibrated" so as to not have any detrimental effect on her spinal cord stimulator.

16.

Despite Plaintiff's repeated attempts to undergo a pat-down screening, Defendant, through the Transportation Security Administration and its employees or agents, instructed Plaintiff to enter the advanced imaging technology screening

machine. Then, Defendant, through the Transportation Security Administration and its employees or agents, activated the machine.

17.

Plaintiff felt a shock and immediate pain from the screening machine destroying her spinal cord stimulator.

18.

At all relevant times, the non-discretionary policy and procedure dictated the proper method for Transportation Security Administration and its employees and agents to follow was to accommodate Plaintiff's request for a pat-down screening, especially given Plaintiff presented Defendant, through the Transportation Security Administration and its employees and agents, with her medical identification card rather than force Plaintiff into an x-ray machine or advanced imaging technology machine due to Plaintiff's medical condition.

19.

Defendant, through one or more of Transportation Security Administration's employees or agents, did not follow the aforementioned non-discretionary policy and procedure, resulting in Plaintiff suffering injuries and damages.

20.

One or more of Transportation Security Administration's employees or agents knew or should have known that the machine in which Plaintiff was forced

to enter had not been recalibrated or adjusted so as to not cause harm to her spinal cord stimulator.

21.

At all times material hereto, the unidentified Transportation Security Administration employees or agents were employees of, and acting in the course and scope of their employment with the Transportation and Security Administration an agency or subdivision of Defendant.

22.

Defendant, through the Transportation Security Administration and its employees and agents, violated a non-discretionary duty to Plaintiff by not providing a pat-down screening and, instead, required Plaintiff to undergo a machine screening, which caused Plaintiff's injuries and damages.

23.

Defendant, through the Transportation Security Administration and its employees and agents, violated a mandatory requirement that Plaintiff be screened via pat-down after Plaintiff requested a pat-down screening due to her medical condition.

24.

Defendant, through the Transportation Security Administration and its employees and agents, violated policies and procedures that were mandatory and

non-discretionary operational directives, which were the direct and proximate cause of Plaintiff's injuries and damages.

25.

As a result of Defendant's negligence, Plaintiff suffered injuries and tangible damages and intangible damages, requiring medical treatment, including surgery. Plaintiff incurred reasonable, necessary, and substantial medical and other healthcare expenses and will continue to incur medical treatment and expenses in the future.

26.

At all relevant times, Defendant, through the Transportation Security Administration and its employees and agents, owed a duty of ordinary care in screening passengers (e.g., x-ray screening, advanced imaging technology screening, pat down screenings, etc.).

27.

At all relevant times, Defendant, through the Transportation Security Administration and its employees and agents, owed a duty of ordinary care in screening passengers (i.e., x-ray screening, advanced imaging technology screening, private-room pat down screenings, etc.) with implanted devices such as spinal cord stimulators.

28.

Defendant, through the Transportation Security Administration, had policies and procedures in place that mandated: "If [Plaintiff]" cannot or choose[s] not to be screened by advanced imaging technology or a walk-through metal detector, [Plaintiff] **will** undergo a pat-down procedure instead."

29.

Defendant, through the Transportation Security Administration, owed Plaintiff a non-discretionary duty of ordinary care under Georgia law to safely screen her, including accommodating Plaintiff's medical condition by honoring her requests for pat-downs instead of forcing a machine screening.

30.

Defendant, through the Transportation Security Administration, owed Plaintiff a non-discretionary duty of ordinary care to warn Plaintiff that the body scanner that Plaintiff was forced to enter had, in fact, not be recalibrated or adjusted so as to not affect her spinal cord stimulator.

31.

Defendant, through the Transportation Security Administration and its employees or agents, caused the subject incident as they did not follow the aforementioned mandatory and non-discretionary policy and procedure when Plaintiff presented Defendant, through the Transportation Security Administration

and its employees or agents, with her medical identification card and requested that she be screened via pat-down, resulting in Plaintiff suffering injuries and damages because her spinal cord stimulator was destroyed, requiring medical treatment including surgery.

32.

Defendant, through the Transportation Security Administration and its employees or agents, caused the subject incident because Defendant failed to warn Plaintiff that the scanner in which Plaintiff was forced to enter was unsafe given her medical condition, including the spinal cord stimulator implant.

33.

Defendant's negligence, through the Transportation Security Administration and its employees or agents, constitutes the direct and proximate cause of the injuries and damages that Plaintiff suffered.

34.

Defendant is responsible for Transportation Security Administration employees' and agents' negligence under the doctrine of *respondeat superior* or vicarious liability.

35.

At all times material hereto, Plaintiff conducted herself in a safe and lawful manner and did not in any way cause or contribute to the circumstances which caused her to sustain serious bodily injury.

36.

As a direct and proximate result Defendant's negligence, through the Transportation Security Administration and its employees or agents, Plaintiff suffered and will continue to suffer the following:

- a. past, present, and future physical and mental pain and suffering;
- b. past, present, and future loss of enjoyment of life;
- c. past, present, and future physical and medical treatment and expenses;
- d. past, present, and future mental anguish;
- e. past, present, and future loss of earnings and income;
- f. past, present, and future loss of ability to labor and earn money, as well as other damages, including damages related to lost property from this incident; and
- g. permanent injuries.

37.

By reason of the foregoing, Plaintiff is entitled to recover from Defendant compensatory and other damages in such amounts as may be shown by the evidence at trial and determined in the enlightened conscience of the jury.

WHEREFORE, Plaintiff prays and respectfully demands verdict and judgment as follows:

a. That Summons and Process issue and that the named Defendant be served with a copy of this Complaint and that Defendant be required to appear and answer;

b. That Plaintiff has judgment against Defendant in an amount the jury finds will compensate Plaintiff for her injuries and damages, general, compensatory, consequential and special, which have been sustained;

c. That Defendant be charged with all Court costs attributable to this action and such other costs reasonably incurred in the prosecution and trial of this case; and,

d. That Plaintiff be granted such other and further relief as may be shown by the evidence and the law, and as this Court may deem just and appropriate;

e. Plaintiff hereby demands a jury trial for all issues so triable.

This 18th day of February, 2026.

                                                **RICE MCGOWAN & BRANDT**

                                                */s/Preston A. Dunaway*
                                                Preston A. Dunaway
                                                Georgia State Bar No. 644789
                                                Attorney for Plaintiff

3715 Northside Parkway
Building 200, Suite 850
Atlanta, GA 30327
Telephone:   404-255-4448
Email:        preston@ricefirm.com